F. M. DAVIS, TAX COLLECTOR, ETC., v. S. B. BURNETT.

No. 6452.

1.   **Tax on County School Lands—Case Adhered to.**—In Daugherty v. Thompson, 71 Texas, 192, this court held that the school lands belonging to the several counties of the State were not subject to taxation so long as they remained the property of the county; and that the leasehold estate could not be taxed as the property of the lessee when they were held under lease from the county.   This is adhered to.

2.   **Injunction Restraining Sale to Satisfy Illegal Tax.**—In Court v. O'Connor, 65 Texas, 334, it was held that it was not necessary for one who seeks to enjoin the collection of a tax wholly illegal to show that he had first applied for relief to the board of equalization.   So also to restrain a tax assessed without authority of law.

3.   **Equalization Board.**—The function of the board of equalization is to correct errors in the valuation of property that has been properly assessed.   It has no power to add to the rolls property not previously assessed, nor to take from them property which they embrace.

APPEAL from Wichita.   Tried below before Hon. P. M. Stine. The opinion states the case.

*J. P. Boyd,* for appellant.·

*W. W. Flood*, for appellee.

GAINES, ASSOCIATE JUSTICE.—The school lands which belong to Tarrant County lie in Wichita County, and before the bringing of this suit had been leased to appellee. During the year 1886 the tax assessor of Wichita County assessed these lands against him as such lessee. The valuation placed thereon was not of the leasehold interest but of the entire property in the lands. In order to enforce the collection of the tax so assessed appellant, as the tax collector, levied upon and advertised for sale a tract of land belonging to appellee. This suit was brought to enjoin the sale of the land so levied upon.

In Daugherty v. Thompson, 71 Texas, 192, this court held that the school lands belonging to the several counties of the State were not subject to taxation so long as they remained the property of the county, and that the leasehold estate could not be taxed as the property of the lessee when they were held under a lease from the county.

It is urged in the brief of appellant that the appellee had a remedy by application to the board of equalization, and that therefore he was not entitled to a writ of injunction. The function of the board of equalization is to correct errors in the valuation of property that has been properly assessed. It has no power to add to the rolls property not previously assessed or to take from them property which they embrace. Galveston County v. Gas Co., 72 Texas, 509.

In Court v. O'Connor, 65 Texas, 334, it was held that it was not necessary for one who seeks to enjoin the collection of a tax wholly illegal to show that he had first applied for relief to the board of equalization.

The case last cited is also authority for the proposition that a writ of injunction is proper to restrain a sale of land which is attempted to be made for the payment of a tax assessed without authority of law.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered April 11, 1890.