**RAMEY v. CITY OF TYLER et al.**

No. 4041.

Court of Civil Appeals of Texas. Texarkana.

Dec. 17, 1931.

Rehearing Denied Jan. 7, 1932.

360

362

T. B. Ramey, Jr., of Tyler, for appellant.

Troy Smith, of Tyler, for appellees.

LEVY, J. (after stating the case as above). The appellant presents the points, in effect, that the court was without jurisdiction in the circumstances (1) to revalue the property and adjudge taxes upon such valuation; and (2) to limit the terms of the writ of injunction to restraining the city from the collection of taxes in excess of 65 per cent. of the valuation imposed on the property by the court. The applicable and controlling circumstances appear as here stated. The court held, as claimed by the plaintiff in his petition, the action of the board of equalization illegal and void in imposing the valuation upon the two lots according to the plan adopted by the board, following the case of Rowland v. City of Tyler (Tex. Com. App.) 5 S.W.(2d) 756. After overturning the valuation and assessment made by the board of equalization then, in keeping with the cross-action of the city, the court determined the market value of the two lots and adjudged the amount of taxes due for the year 1926 upon such valuation imposed by the court. The city, by cross-action, sought, by way of remedy and relief as a complainant, to have the court ascertain and determine the valuation of the two lots and adjudge the proper amount of taxes due for 1926 upon such valuation imposed upon the two lots, in case the court should hold, as urged by the plaintiff, the action of the board of equalization illegal and invalid in imposing the valuation according to the plan adopted by the board. The revaluation was asked by the city in its cross-action upon the alleged ground that the valuation made by the plaintiff in his rendition to the tax assessor was inadequate.

■ Although the board of equalization, to which the right was intrusted by statute to raise or lower the rendition made by the tax-payer, must be legally regarded as having failed in the performance of their function through the adoption of a fundamentally wrong scheme of valuation, yet such void proceedings would not give rise to authority in the court at the instance of the city to review and to revise the taxpayer's rendition of the property to the tax assessor; for it is contemplated by the statute that the rendition made by the taxpayer to the tax assessor shall be conclusive unless corrected by the board of equalization. Articles 1043, 1050; State v. Couts' Estate (Tex. Civ. App.) 149 S. W. 281; Chicago, R. I. & G. Ry. Co. v. State (Tex. Civ. App.) 241 S. W. 255; Id. (Tex. Com. App.) 263 S. W. 249. The board of equalization is the exclusive agency or tribunal made competent by the statute to modify or correct the valuation made to the tax assessor by the taxpayer. Articles 1053, 1054. The exceptions which authorize the interference by the court, in overturning the proceedings of the equalization board, arise at the instance of the taxpayer upon complaint of excess of authority or fraudulent conduct of the board in making an assessment which is absolutely illegal or fraudulently excessive. 1 High on Injunctions (4th Ed.) § 493; 1 Cooley on Taxation (3d Ed.) p. 771; 26 R. C. L. § 405, p. 449; Rwy. v. Smith County, 54 Tex. 1; Duck v. Peeler, 74 Tex. 268, 11 S. W. 1111; Court v. O'Connor, 65 Tex. 334; Davis v. Burnett, 77 Tex. 3, 13 S. W. 613; Rwy. v. State (Tex. Civ. App.) 241 S. W. 255; Id. (Tex. Com. App.) 263 S. W. 249; Allen v. Emery Ind. School Dist. (Tex. Civ. App.) 283 S. W. 674; 4 Pomeroy, Eq. Jur. (2d Ed.) § 1843.

■ It appears that revision and revaluation of the property by the court and limiting the terms of the injunction writ was in the idea of imposing a condition upon the relief in equity. It is the rule ordinarily followed that in order for the taxpayer to have an injunction issue against the collection of an illegal tax he must offer to do equity by paying the amount for which he is equitably taxable. 4 Pomeroy, Eq. Jur. (4th Ed.) § 1784; 1 High on Injunc. § 497; 26 R. C. L. § 418, p. 465; and many cases. Where the ground of complaint is overvaluation or excessive valuation, it is permissible for the court, as an equitable right, to fix the amount of the excessive valuation, in order to limit the relief by injunction against the excess found to exist. The illegal and excessive portion of the taxes only is eliminated as a means of relief. But where the assessment by the equalization board, as here, is absolutely illegal, there is not involved, as a means of relief, the necessity of a finding of excessive valuation to be made by the court, for, in such instance, the original rendition legally remains unchanged and prevails. In this case the appellant tendered into court the amount of taxes due upon the rendition as made to the tax assessor, and in the correct amount. The court therefore

was authorized to have appellant pay that amount of taxes as a condition to the granting of the injunction, and to have the injunction run against the excess above that amount of taxes. As the appellant properly and timely tendered the taxes due and payable for 1926, he would not have to pay interest and penalty. He would not be regarded as legally in default. The judgment is accordingly modified so as to award the appellant an injunction against the collection of all taxes above the amount tendered into court, and to award the city recovery only of the amount of taxes tendered into court by the appellant.

As modified, the judgment will be in all things affirmed.