### DONEGHY v. STATE et al.
#### No. 6149.

Court of Civil Appeals of Texas. Amarillo.
April 16, 1951.

R. H. Cocke, Wellington, for appellant.

Edward Poole and R. L. Templeton, Wellington, for appellees.

MARTIN, Justice.

Appellant, James Doneghy, owned shares of stock in the City State Bank in Wellington, Texas. These shares of stock were rendered for taxation for the years 1945 and 1946 with the City State Bank's rendition prepared by T. J. Way, cashier of the bank. The pleadings of the appellant and the evidence in the cause disclosed that following rendition of the shares of stock for taxation, T. J. Way tendered to the appellees, State of Texas and the County of Collingsworth, the amount of tax shown to be due under the appellant's rendition as made.

The Equalization Board gave notice to the bank to show cause why the rendition made by it should not be raised for county and state tax purposes. T. J. Way appeared before the Board on behalf of the City State Bank and stockholders with reference to the proposed raise in value as to these shares of stock. The valuation was raised by the Equalization Board from 50% to 60% of the value of the shares of stock. Appellant refused to pay the tax on the increased valuation and appellees filed suit for the taxes, interest and penalty due under the valuation as set.

Appellant in the trial of the cause contended that the shares of stock were duly rendered and such rendition accepted by the assessor and collector of taxes and such tax as due being tendered he was discharged from further liability. Appellant also contended that the action of the Equalization Board in raising the value of the stock as rendered was illegally and arbitrarily done without notice to the appellant of the raise in value of such stock and that the Equalization Board refused to receive and consider evidence tendered by appellant in arriving at the taxable values.

Appellant in the trial of the cause tendered the taxes due under his rendition as made. Appellees contended in the trial of the cause that appellant's tender of the taxes due under his rendition was a waiver of any irregularities in the proceedings by either the tax collector or by the Board of Equalization since both the taxes tendered and the taxes protested were arrived at by the same proceedings. Only one issue was submitted to the jury and was answered favorably to the appellees. Judgment was rendered for appellees against appellant for the full amount of taxes, interest, penalty and cost of court. The appellant perfected his appeal and alleges five points of error.

Appellant's Points 1 and 2 will be discussed together as they involve the same proposition of law. Appellant in paragraph one of his answer pleaded the rendition of his taxes at 50% of their cash market value and that thereafter the Board of Equalization, without notice to appellant but on notice to the City State Bank, raised the value of appellant's rendition. In paragraph three of his answer appellant pleaded that he made no rendition other than through the bank's rendition; that no assessment was ever made and that appellant was in no way notified of any assessment or a raise in values and was never notified of any claim or demand by the taxing authorities until the filing of this suit. Appellees by their Special Exceptions 1 and 5 to this pleading, raised the issue that appellant's pleadings showed a tender of taxes as rendered and that any irregularities in the proceedings by either the tax-assessor or Board of Equalization as plead were shown to be waived by the plea of tender contained in the appellant's pleadings. The court sustained appellees' Exceptions 1 and 5 and the appellant by his Points 1 and 2 alleges that such ruling was error in that it precluded appellant from offering testimony supporting his allegations as above plead.

It is first observed that although the legal effect of sustaining said Exceptions 1 and 5 might be to exclude the evidence in support of such pleading, that an examination of the statement of facts shows that actually there was no exclusion of such evidence. These issues were freely developed by testimony in the trial

court despite the sustaining of Exceptions 1 and 5 as filed by the appellees. But, under the law applicable to these issues, aside from the allegation of exclusion of evidence alleged in appellant's Points 1 and 2, it must be recognized that the authorities have held: "The nature of the original tender (being unconditional) admitted the correctness of the valuations that produced the amount so deposited; and by such payment defendant waived any alleged irregularities in the assessment of the District Collector or the action of the Equalization Board, in increasing the valuations on the property which it thus conceded to be taxable. 'By tendering part of the taxes claimed the taxpayer admits the justice of the tax to the extent of the amount tendered, and is estopped from disputing his liability to that extent.'" Republic Ins. Co. v. Highland Park Independent School District, Tex.Civ.App., 123 S.W.2d 784; City of Rising Star v. Dill, Tex.Civ.App., 259 S.W. 652; Bell v. Turkey Independent School District, Tex.Civ. App., 214 S.W.2d 834.

█ The record does not disclose exclusion of any material evidence by reason of lack of pleading. Appellant could not have suffered any harm by reason of the court's ruling. Rule 434, Vernon's Texas Rules of Civil Procedure. Under the applicable rulings, no error is found in the court's sustaining appellees' Special Exceptions Nos. 1 and 5 and appellant's Points 1 and 2 are overruled.

Appellant's Point 3 alleges error in the trial court's not discharging the jury and rendering judgment for appellant, in that it was shown that appellant's shares of stock were duly rendered for taxation for each of the years of 1945 and 1946 and that the Commissioner's Court of Collingsworth County, for said years acted illegally and arbitrarily and without notice to appellant in raising the value of his shares of stock.

█ Point 3 involves a mixed question of law and fact under the record. The record discloses that T. J. Way, as cashier of the City State Bank, rendered for taxation property of the bank as well as appellant's shares of stock. As such cashier of the bank he testified that he received "The usual card notice" to appear before the Board of Equalization. He testified that he made a sworn statement in writing to the Commissioner's Court sitting as a Board of Equalization in regard to the rendition of the property in question and that he left this statement with the Board of Equalization. There is no evidence that appellant in person ever rendered his shares of bank stock but his only renditions were made through the bank. Appellant received notice from the Equalization Board only through the bank. It was never contended in the trial court that T. J. Way, or the bank, had no authority to render the appellant's stock for taxation or to appear for him on notification from the Equalization Board. It is evident that the Board had the evidence of T. J. Way as to the value of the shares of stock and that the cashier was apparently in a favorable position to know and render their value. At least, appellant permitted T. J. Way to handle the rendition and appearance before the Board without disputing his authority to so act for him. T. J. Way likewise made a tender of the taxes due as shown by his sworn testimony. Under these facts, it appears that the proceedings were duly had as to rendition, notice from the Board and appearance before the Board. In addition to this fact situation as developed favorably to the appellees' cause, it will follow that the tender of taxes to the collector and assessor as well as the tender made in court after suit will preclude any sound assertion of error or arbitrary action on the part of the Board under the ruling of Bell v. Turkey Independent School District, Tex.Civ.App., 214 S.W.2d 834, and the other authorities hereinabove cited.

█ It also follows that the cause is within the holding of Druesdow v. Baker, Tex.Com.App., 229 S.W. 493, 495, wherein the Commission of Appeals held: "The decisions of the Tax Board in the matter of valuations are quasi judicial in their nature. This action is therefore a collateral attack upon the judgment of a quasi judicial tribunal. Such an attack cannot be justified in the absence of fraud, or something equivalent thereto; lack of jurisdiction; an obvious violation of the law, or

the adoption of a fundamentally wrong principle or method, the application of which substantially injures complainant. No mere difference of opinion, as to the reasonableness of its valuation, when such valuations, though deemed erroneous, are the result of honest judgment, will warrant interference by the courts." Also, see Gonzales v. State, Tex.Civ.App., 81 S.W. 2d 180.

Appellant in his Point 3 broadens the scope of inquiry by referring therein to his motion for a peremptory instruction. Appellant has not raised any issue under his Point 3 other than that discussed in the paragraphs hereinabove, but the court has examined the transcript as to any possible points raised by appellant's reference to his motion for a peremptory instruction. The allegations in the argument under Point 3 apparently touch on the matter of proof of the cause. On these facts it must be observed that nowhere under Point 3 in the brief, nor in the motion for an instructed verdict alleging specific grounds therefor, is to be found any hint of an allegation that the evidence does not support the judgment. In view of the argument raised it is noted that the assessment roll of the property rendered for the years 1945 and 1946 is shown in the Statement of Facts as well as the Assessor-Collector's Oath. The approval of the Commissioner's Court as an Equalization Board refers only to the year 1945. Appellees introduced the Delinquent Tax Records for both said years and though the certificate of the County Judge is not shown in the record, in the absence of any objection, there was no error in its admission as the delinquent tax record provided for by statute. There is also parole testimony as to the rendition and assessment of the taxes and as to the approval of the Equalization Board. Although the record is not as full as might be suggested, in the light of the parole and written evidence admitted in the cause as well as under the rulings of the courts upon the question of tender of the taxes as made by appellant, it is believed that the record is not insufficient to show the delinquent taxes and that the same were unpaid. Republic Ins. Co. v. Highland Park Independent School District, Tex. Civ.App., 123 S.W.2d 784; City of Rising Star v. Dill, Tex.Civ.App., 259 S.W. 652, affirmed Tex.Com.App., 269 S.W. 769. Appellant's Point 3 is overruled.

Appellant's Points 4 and 5 are not briefed as required by Rule 418, Vernon's Texas Rules of Civil Procedure, but have been considered. Rayburn v. Giles, Tex. Civ.App., 182 S.W.2d 9.

Point 4 alleges that there is no evidence to support the one jury issue as answered favorably to appellees. This was Special Issue No. 1, as follows: "From the greater weight of the evidence introduced in your hearing do you find that the Commissioner's Court sitting as a Board of Equalization, refused to receive and consider evidence tendered by the defendant in arriving at the taxable value of defendant's shares of stock as fixed by it for the years in question?" The jury answered this issue "No." Under a uniform application of the authorities cited herein, the failure to submit such an issue would not have been error as the appellant waived any alleged irregular action of the Equalization Board by his tender of the taxes due under his rendition. But, aside from questions of law, the evidence of T. J. Way as cashier for the bank discloses that he prepared the assessment and made a rendition to the Board and left with the Board a sworn statement in writing in regard to the rendition of appellant's stock for taxes and that thereafter he tendered such taxes to the assessor and collector. This evidence is sufficient to support the jury's verdict under the applicable rules.

Point 5 merely asserts that the court erred in not granting appellant a new trial on his motion therefor and for the reasons fully set forth in said motion for a new trial. The motion for a new trial as referred to merely involves the points herein ruled upon.

An examination of the cause reveals no reversible error under the points as asserted on appeal, and the same are overruled. The judgment of the trial court is affirmed.