**Roy W. KELLY et al., Appellants,**

v.

**A. & M. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 4466.**

Court of Civil Appeals of Texas.

Waco.

Jan. 13, 1966.

Rehearing Denied Jan. 27, 1966.

Mac L. Bennett, Jr., Normangee, for appellants.

Baker, Botts, Shepherd & Coates, Frank G. Harmon, Houston, A. W. Davis, College Station, for appellees.

WILSON, Justice.

Plaintiffs brought a class action against appellee school district seeking an injunction for themselves and taxpayers similarly situated restraining completion of the district tax rolls and the assessment, levy and collection of taxes based on tax values fixed by the board of equalization for the year 1965. They sought a writ of mandamus to require the assessor-collector of taxes "to place all taxable property" on the tax rolls. A take-nothing judgment was rendered on a jury verdict.

Plaintiffs say their points of error "simply mean it is appellants' position that the uncontradicted evidence, as a matter of law, showed that an arbitrary, illegal and fundamentally defective and erroneous scheme and plan of taxation had been adopted by the appellee school district, and by reason thereof" the assessment of taxes thereunder was void. The position is that bank deposits, automobiles, household furnishings and other items of personalty were omitted from the tax rolls. They pleaded these and other items were "arbitrarily and capriciously" omitted under a "plan or scheme conceived and approved by the school district." To an issue inquiring whether the omission was "deliberate and intentional", the jury answered it was not. Plaintiffs say there was no evidence, or insufficient evidence to support this finding, and the court erred in overruling their motion for judgment non obstante veredicto.

The evidence is undisputed that the items of personalty concerning which complaint is made were generally omitted from the district tax rolls. Where the valuation fixed by the board of equalization is attacked on the ground of unlawful or arbitrary discrimination it is not sufficient to show "even that other property was omitted from the tax rolls altogether," it is held, "except where the omission was the result of a deliberate and arbitrary plan or scheme to permit certain classes of property to escape their fair share of the tax burden." State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 573 and case cited. In Whelan v. State, 155 Tex. 14, 22, 282 S.W. 2d 378, 381, reversal resulted from exclusion of evidence that the omission "was deliberate, arbitrary and systematic," and the court emphasized that the taxpayer was entitled to relief where it was shown that there was a "deliberate and arbitrary preconceived plan." In City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, 416, the "deliberate adoption of a plan for the omission from the tax rolls" was the criterion announced.

We are unable to hold that there is no evidence to support the jury finding.

Appellants cite authorities holding that the omission is itself "evidence that an arbitrary scheme had been adopted." This is not the question presented. The point is that there was no evidence.

The tax assessor-collector testified the property was not deliberately left off the rolls. No one had suggested it be omitted. There was evidence there had never been any discussion concerning leaving property off the roll. No school board member had requested any personalty not be assessed. The board president and the superintendent testified there was no plan or intention to omit any personalty. Testimony from members of the board of equalization negatived adoption of any plan or scheme to omit any property. We are also unable to hold, from this record, that the evidence is factually insufficient to support the finding, or that it is contrary to the overwhelming preponderance of the evidence.

■ The court did not abuse its discretion in refusing to order mandamus. At the time of trial the assessor-collector testified he was in the process of assessing "all automobiles we can locate" and putting all he could find on the tax roll; that he was going to prepare an unrendered roll on household furnishings and estimate their value on the roll; that some bank deposits, where information was obtained, were being placed on the roll, and the school district was "going to put on the rolls all the rest of the bank deposits that we can get the bankers or friends and neighbors out there to tell about, if they could be located." It was shown that "about four or five hundred" automobiles had been listed on the rolls after the suit was instituted. Apparently no complaint of omission had been made previously. There was evidence that the tax rate would be adjusted to compensate for increase in total tax values if current budgetary needs could be met.

Appellants' points are overruled. Affirmed.