Willett WILSON et al., Appellants,

v.

CITY OF PORT LAVACA, Texas, Appellee.

No. 232.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 29, 1966.

Rehearing Denied Oct. 20, 1966.

Willett Wilson, Houston, for appellants

Harry F. Maddin and Kemper Williams Jr., of Cullen, Mallette, Maddin, Edwards & Williams, Victoria, Mike Fricke, City Atty., Port Lavaca, for appellee.

## OPINION

NYE, Justice.

Plaintiffs, as taxpayers, brought this action against the City of Port Lavaca to enjoin the collection of their taxes. They alleged that the assessments against their property were discriminatory and illegal because large amounts of personal property, principally bank and saving and loan association deposits, were intentionally and arbitrarily left off the tax rolls and not taxed. The City of Port Lavaca filed a cross action to enforce the collection of plaintiffs' delinquent taxes. The case was tried to a jury and in response to issues submitted, judgment was entered for the City of Port Lavaca on its cross action and plaintiffs' relief was denied. Taxpayers have perfected their appeal to this Court.

The most serious error complained of was in the refusal of the trial court to per

mit the appellant taxpayers to take the depositions of the officers of three financial institutions. For a proper determination of this appeal it is necessary to review the proceedings that led up to the trial.

The case had been specially set for a jury trial on September 20, 1965. On or about the 1st day of September, 1965, appellants filed a request for a commission to take the oral depositions of certain named officers of the First State Bank & Trust Company of Port Lavaca, the First National Bank of Port Lavaca and the Coastal Bend Savings & Loan Association of Port Lavaca, hereinafter called Institutions. Such request for the commissions included an application to require a subpoena duces tecum to be served on such officers, directing them to produce "all books, ledgers, ledger cards, microfilm, and any other records reflecting the following: (1) Names of depositors in the (named institution) [1] on January 1st of each of the years 1963, 1964 and 1965, inclusive, and (2) Amount of deposit in said bank of each of said depositors on January 1st of each of the years 1963, 1964 and 1965 inclusive."

On September 8 and 9, the three Institutions filed motions to quash the commissions and subpoenas duces tecum, alleging in substance as grounds for quashing such commissions and subpoenas that: (1) the aforementioned books, records, etc. containing the names of the depositors, and the amounts of their deposits, were confidential and privileged, and may not be disclosed to third parties according to the provisions contained in Article 342–709, Vernon's Ann.Civ.St. and Article 342–210, V.A. C.S.; (2) the Institutions were not parties to the law suit, nor were they necessary or proper parties; (3) the depositors or owners of deposits were not parties to the law suit nor were they proper or necessary parties; (4) the records of the Institutions did not contain information which was relevant or material to the issues in controversy; (5) the Institutions would be subject to a multiplicity of law suits from depositors should they disclose this information sought by the appellants; (6) the Institutions would be materially prejudiced from the standpoint of their business relations with their depositors if they gave out the information sought by the appellants, and that if they gave out the information it would hurt the individual businesses of the depositors; that such information was confidential and could not be released without the consent of each depositor and/or without making each depositor a party to such action; (7) the gathering of such information would constitute an expense to the Institutions without arranging for payment or remuneration for such expense; and (8) the commissions should be quashed under the provisions of Rule 177a and Rule 186b, Texas Rules of Civil Procedure.

Upon the presentation and consideration of the application to quash the commissions and subpoenas, the court issued a temporary restraining order on September 10, 1965, and set a hearing on September 17, 1965, for the further consideration of the court's temporary order. On September 17 the court heard the Institutions' Motion and ordered the various commissions and subpoenas quashed.

Just prior to this hearing, on September 14, 1965, appellants filed an amended petition naming in addition to the City of Port Lavaca, the three Institutions as parties defendants. They alleged in substance that the Institutions have refused to furnish the tax assessor and collector of the City of Port Lavaca or these plaintiffs the amounts of taxable deposits for the years 1963 and 1964 and that therefore each Institution has caused and/or will cause these plaintiffs damage in the amount of One Thousand Dollars ($1,000.00) for each of said years.

The City of Port Lavaca filed a motion to sever this new cause of action brought

1. Emphasis and parenthesis supplied throughout.

by the plaintiffs against the three named Institutions under Rule 41, T.R.C.P. The City contended in such motion that any possible recovery by the plaintiffs against the three named Institutions would involve a determination of issues separate and distinct from those to be adjudicated in the principal case. At the hearing on the motion to sever, the court advised the plaintiffs that there had not been time for service of citation nor time for the three named defendant Institutions to file an answer, and that the only way that these plaintiffs could proceed to trial against the City of Port Lavaca in their regular order, would be to sever these parties (the Institutions) from the main suit. Although the plaintiffs objected to the severance they did not seek a continuance. The record is clear that they wished to proceed to trial against the City. The court granted the motion to sever the cause of action against the three named Institutions and the plaintiffs announced ready for trial on the severed cause of action against the City of Port Lavaca. Subsequently, the appellants voluntarily dismissed their cause of action against these three named defendant Institutions at their cost. No appeal was perfected from this severed cause of action.

■ The trial court is vested with broad discretion in acting on motions to sever causes of action. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588 (1955). Appellants' point of error complaining of the trial court's action in granting the motion to sever is overruled. There is no showing that the trial court abused its discretion in granting this severance. Rule 41, T.R.C.P.; Hayes v. Norman, Tex.Civ.App., 383 S.W.2d 477 (1964) ref. n. r. e.

Appellants' first point complains of the trial court's ruling in sustaining the motion to quash the commission to take the deposition of the officers of the various Institutions. Appellee, on the other hand, contends that Article 342–709, exempts the Institutions from disclosing the sought for information and in any event the trial court

did not abuse its discretion in quashing the commissions and subpoenas under Rule 177a and Rule 186b, T.R.C.P. Article 342–709 provides in substance that a bank shall not be required to disclose the amount deposited by any depositor to third parties except where the depositor or owner of such deposit is a proper or necessary party to the proceedings or that the bank itself is a proper or necessary party to the suit. The record is clear that the three financial Institutions were neither proper nor necessary parties to this suit as was evident by the severance and the subsequent dismissal of the severed cause of action.

■ Appellants based their cause for injunctive relief essentially on two grounds: (1) that the City had improperly assessed their property at a rate higher than its true market value; and (2) that the City had adopted an illegal and arbitrary scheme of taxation whereby certain personal property had been omitted from the tax rolls. The record shows that appellants' suit was not a direct attack on the scheme of taxation, nor was it a suit to prevent the initiation or operation of an illegal scheme or plan by the taxing agency. No relief was sought by the appellants by mandamus or injunction prior to the time the plan of taxation was put into operation. The taxpayer is entitled to relief where it is shown that there was a deliberate and arbitrary preconceived plan for the omission from the tax rolls of bank deposits. However, this is not the case here. There was no such evidence of a deliberate, arbitrary or systematic scheme on behalf of the City of Port Lavaca to omit bank deposits from the tax rolls. There is in fact testimony in the record showing that an attempt was made to determine all of the taxable property including bank accounts and other personal property by the tax assessor and collector during the years in question.

■ It is settled law that no attack on valuations fixed by the tax boards will be sustained in absence of proof of fraud, or want of jurisdiction, illegality or the adop-

tion of an arbitrary and fundamentally erroneous plan or scheme on valuation. Even when such official action is attacked it will be presumed that such boards discharged their duty according to law and acted in good faith. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954). The court in Whittenburg held that it is not sufficient to show that certain property was omitted from the tax rolls altogether to be entitled to relief, but such omission must be shown to have been the result of a deliberate and arbitrary plan or scheme to permit certain classes of property to escape their fair share of the tax burden.

It was appellants' contention that without the evidence from the banks and savings and loan associations as to the amounts that were on deposit, they could not prove the amount of money on deposit in the Institutions so that when this amount was determined and added to the property, real and personal, already on the City's tax rolls, or taken in consideration in taxing plaintiffs' property and other property, it would have required the City to use a lower ratio of value or lower rate at which to tax property. Plaintiffs cite Rowland v. City of Tyler, Tex.Com.App., 5 S.W.2d 756, 761, and Ramey v. City of Tyler, Tex. Civ.App., 45 S.W.2d 359, 363. It was plaintiffs' theory that because the trial court refused the plaintiffs' request to secure by deposition this purported necessary evidence, they were prevented from proving their defenses to the amount of taxes claimed due by the City. Therefore, they were forced to go to trial on their main case without the necessary evidence.

■ Once a tax plan is put into effect the litigant may defeat recovery of taxes only to the extent that they are excessive, and he must prove the excessiveness. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414 (1954); Jackson v. Maypearl Independent School District, Tex. Civ.App., 392 S.W.2d 892 (1965); Bass v. Aransas County Independent School District, Tex.Civ.App., 389 S.W.2d 165 (1965)

ref. n. r. e., and cases cited therein. When the attack is made because the taxing authority has followed an arbitrary plan or scheme, the taxpayer in order to prevail must not only show that the plan was an arbitrary and illegal one, but also that the use of the plan worked to his substantial injury. State v. Whittenburg, supra; City of Orange, Texas v. Levingston Shipbuilding Co., 5 Cir. 1958, 258 F.2d 240; City of Arlington v. Cannon, supra.

Appellants rely primarily upon the Supreme Court case of Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955). This case is entirely distinguishable from the case before us. In Whelan, the writ of error was granted primarily because of the refusal of the trial court to admit into evidence the amount of taxable bank deposits omitted from the tax rolls, where it was *undisputed* that such omission by the taxing authority was deliberate, arbitrary and systematic.

The law places the most onerous burden upon the taxpayer in cases like this. City of Houston v. McCarthy, Tex.Civ.App., 371 S.W.2d 587 (1963). "The difficulties to be encountered in making the necessary proof as a basis for relief is the penalty the taxpayer must pay for sitting idly by while taxing authorities put into effect a plan of taxation which deliberately permits certain classes of property to escape taxation." City of Arlington v. Cannon, supra. The plaintiffs offered no testimony concerning the value of any of the properties rendered by them or assessed by the City of Port Lavaca. The appellants have wholly failed to show that any particular tract or property of theirs was assessed at a higher rate than would have been in the event that any omitted taxable property had not been included on the tax rolls. There was no evidence in the record to show that the city's taxing authorities deliberately or systematically eliminated from the tax rolls bank deposits and savings and loan deposits. On the other hand the record shows that there was an attempt by the tax assessor and collector to determine all taxable property, including bank accounts. During the

course of the trial officers from the various institutions were called as witnesses by the appellants. The Institutions did testify as to total deposits for the various years. Yet the appellants presented no testimony of true value of their property or that comparable property was assessed at a lower valuation than theirs, or that had another system of rendering and assessing property been used how much of their taxes would not be owing and should therefore be avoided. City of Houston v. McCarthy, supra.

■ Even if appellants had been able to pursue their theory by adequate proof of the actual or taxable value of the omitted property, they completely failed to make any attempt to translate this omission into hard dollars out of their pocket. They must go further than proof of the omitted property. They must demonstrate that they have actually sustained damage. To do this, the taxpayer must in turn prove the actual market value of his property as a part of his case. No attempt on the part of the appellants to do this was made. City of Orange, Texas v. Levingston Shipbuilding Co., supra.

■ We hold that the trial court did not err in refusing to permit the appellants to take the depositions of officers of the various financial institutions or in quashing the subpoenas, under the facts of this case. Article 342–709, V.A.C.S., Rule 177a and 188b, T.R.C.P. The information sought by the appellants could have been obtained from other sources. The officers of the Institutions and the depositors were neither necessary nor proper parties to plaintiffs' suit. The City of Port Lavaca made out a prima facie case for the delinquent taxes due the City from the appellants for the years 1963 and 1964. The judgment of the trial court so stated and appellants made no attack on this portion of the judgment. The city government does not lose its right to taxes justly owing on the plaintiffs' property by reason of the failure of its officers either negligently or designedly to assesss other property that is likewise

taxable. City of Arlington v. Cannon, supra.

■ Even if the trial court committed an error of law in excluding the testimony, the trend of the courts is to follow "a policy of refusing to set aside or reverse judgments for errors of law unless in the sound judgment of the court the errors contributed in a substantial way to bring about an unjust result." See "The Development of the Doctrine of Harmless Error in Texas", 31 Texas Law Review 1, 17–18 (1951). Rule 434, T.R.C.P. Appellants' point is overruled.

■ Appellants' third point complains of the trial court in overruling plaintiffs' objection to the court's charge. The objections set forth in appellants' brief are not the actual objections which appellants made to the court's charge and are therefore waived. Rule 274, T.R.C.P. However, appellants complain, as we understand their contention, that the court's instruction was based on Article 342–709, V.A.C.S., and that such article is unconstitutional being in violation of Article VIII, Section 1 of the Vernon's Ann.St. Constitution of the State of Texas. We do not believe that this article is unconstitutional. It is a reasonable restriction enacted by our Legislature for the protection of our banking institutions and thier depositors from disclosing confidential information to third parties except under reasonable and well-defined circumstances. Appellants' point is overruled.

■ Appellants' fourth point complains of the failure of the trial court to define arbitrary and capricious. This point is without merit inasmuch as the appellants failed to tender a substantially correct definition in accordance with provisions of Rule 279, T.R.C.P. Appellants have waived their complaint and therefore their point is overruled.

■ Appellants' fifth point complains that the trial court erred in submitting

special issues 1 and 6 over their objections that such issues involve questions of law. This point is presented for the first time on appeal as no objection was made by the appellants to the submission of these issues. No alternate issues were requested or submitted. In fact, the issues were those in which the appellants relied on to establish their case against the City. Therefore, any complaint that these issues involve a determination of questions of law as well as fact would be waived. Rule 274, T.R.C.P.

■ Appellants' sixth point complains that the trial court erred in rendering judgment for the defendant City of Port Lavaca based on the findings of the jury's answers to special issues 1 and 6 because the answers to said issues were against the overwhelming weight and preponderance of the evidence so as to demonstrate they were guided by bias, prejudice and passion. The issues concern whether or not the City failed to assess all the taxable bank and savings and loan association deposits for the years 1963 and 1964. There was evidence that such bank deposits were taxed. Inasmuch as the burden of proof was upon the appellants to prove that taxing authorities had deliberately and systematically excluded bank accounts from taxation and since the appellants failed to establish such evidence, the point of error is without merit. Kelly v. A. & M. Consolidated Independent School District, Tex.Civ.App., 398 S.W.2d 438 (1966), ref. n. r. e.

■ The appellants complain or improper jury argument wherein they contend that one of appellee's attorneys stated: "Mr. Wilson wants the City to violate the law." The jury argument was not recorded by the court reporter and does not appear in the statement of facts. Appellants' bystanders bill does not show the circumstances under which this argument was made; it does not show whether or not it was in answer to an invited argument; it does not show that appellants requested the court to instruct the jury to disregard such argument; nor does it show that appellants made a motion for mistrial. The only showing before us is, that the statement was made. Appellants have not demonstrated that this argument caused, or was calculated to cause, the rendition of an improper judgment in this case. Rule 434, T.R.C.P. Therefore, appellants' seventh point is overruled.

■ The trial court in its judgment further determined that the appellants had waived their right to contest the validity of the manner and mode of the assessment of ad valorem taxes for the two years by the City of Port Lavaca. Appellants contended throughout the trial that the City had adopted an illegal and arbitrary scheme of taxation which made the assessment of their ad valorem taxes invalid, to their damage. Upon the trial of the case, evidence was developed that the appellants had paid their taxes which were assessed by the City of Port Lavaca upon certain other property belonging to the plaintiffs without objection. This property was assessed by the City at the same rate and under the same scheme for the two years in question. Issues were submitted to the jury, and in response thereto, the jury found that the appellants had in fact paid the taxes assessed by the City of Port Lavaca on taxable property owned by the plaintiffs at the amount assessed by the City for the years in question. All of the evidence adduced upon the trial failed to disclose any excessive valuations by the City on any property. The assessments as to the value of the appellants' property were not attacked by the appellants in any way. In fact, the evidence showed that some of plaintiffs' property exceeded the value placed on it by the City. Plaintiffs have waived any right to complain of the valuations placed upon their property by the Board of Equalization of the City of Port Lavaca. The payment of a portion of the taxes due was an admission by the appellants that a proper system of taxation was adopted by the taxing authority. Since the appellants offered no evidence that their property was overevaluated and

since the appellants have paid taxes on some of their property, they cannot come into court now and complain of the system as being illegal and arbitrary as to the other tracts of land which were taxed under the same system by the City of Port Lavaca. See Doneghy v. State, Tex.Civ. App., 240 S.W.2d 331 (1951); Bell v. Turkey Independent School District, Tex. Civ.App., 214 S.W.2d 834 (1948), ref. n. r. e.; Republic Insurance Co. v. Highland Park Independent School District, Tex.Civ. App., 123 S.W.2d 784 (1938), err. dism. 133 Tex. 545, 125 S.W.2d 270.

Judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

I concur in affirmance of the judgment for the reasons stated in this separate opinion.

Appellee has asserted an affirmative cross-point as follows:

"This case should be affirmed because appellants totally and wholly failed to meet the burden of proof placed upon them by law to show either an arbitrary and illegal scheme of taxation or substantial injury."

In my view, this affirmative cross-point should be expressly sustained.

This case involves a plan of taxation for each of the years 1963 and 1964 which had been put into effect prior to the filing of appellants' suit to enjoin collection of taxes for such years and for other relief. Appellee correctly argues that in such circumstances the burden was upon appellants to prove not only that the scheme of taxation was fundamentally erroneous but also as a consequence that the taxpayer has suffered substantial injury. See State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954); City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414 (1954); Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955); City of Orange, Tex. v. Levingston Shipbuilding Co., 258 F.2d 240 (5 C.ᴬ

1958). I agree that the taxpayers here did not sustain their burden of proof on the essential elements of their cause of action. In particular, appellants failed to show that any tract belonging to them was assessed at a higher rate than it would have been in the event that any omitted taxable property had been included on the tax rolls. Appellants therefore failed to show substantial injury or excessiveness. Judgment in favor of appellee upon its cross-action was, therefore, proper and should be affirmed.

It is further my view that although the record reflects certain errors in the course of the proceedings below, they are not shown to be such as were reasonably calculated to cause and probably did cause the rendition of an improper judgment so as to require reversal. Rule 434, T.R.C.P. The errors referred to were in connection with quashing the commissions to orally take three depositions of representatives of banks and a savings and loan association, and in holding that appellants had waived their rights to contest the validity of all taxes because payments were made on some tracts.

The action of the trial court in quashing the subpoenas issued in connection with such depositions may be properly upheld under the provisions of Rule 177a, T.R.C.P., but I am unwilling to hold that the trial court could completely prohibit appellants from taking the oral depositions of said witnesses. I believe that appellants should have been allowed to question the witnesses and if it developed that there was a refusal to answer as to certain matters, the court could have proceeded on proper application, under Rules 215a and 186b, T.R.C.P., to resolve the contested matters and to make such orders for the protection of the parties and the deponents as might be necessary under the conditions shown to exist. Counsel for appellants requested that such procedure be followed but such request was denied. The order of the trial court quashing the commissions to take the oral depositions and the subpoenas was rendered

on September 17, 1965. The case was called for trial on the merits on September 20, 1965, at which time appellants announced ready and proceeded to trial. Appellants called as witnesses the representatives of the banks and savings and loan associations whose records were originally involved in the depositions sought to be taken and elicited some testimony from them, particularly concerning total deposits, which was admitted into evidence. However, the record does not reflect that any of the said witnesses were served with subpoenas duces tecum to bring their account records with them at the trial on the merits. It thus appears that appellants did not follow through at the trial on the merits with the same requests concerning records as were made in connection with the attempt to take depositions. As a result of this and in the absence of other evidence, the record is silent concerning accounts to the credit of depositors in the three financial institutions involved which would have been subject to taxation by the City of Port Lavaca, and which were in fact not taxed. In my view, the failure of appellants to attempt to develop their case more fully at the trial on the merits and the consequent lack of proof, renders harmless the erroneous rulings in connection with the depositions.

I am unwilling to hold that Art. 342-709, V.A.C.S., properly construed, precludes the development of material facts in a judicial proceeding such as this. To hold otherwise, in my view, would be to encounter serious questions as to constitutionality of the statute and deprivation of due process of law under Article 1, Sections 13 and 19 of the Constitution of Texas and the Fourteenth Amendment to the Constitution of the United States of America. The amounts of money on deposit in the three financial institutions were material as to the tax years in question only as of the first day of January, 1963 and 1964. The depositions were sought to be taken and the trial on the merits was held in September, 1965. The trial court has considerable discretion in connection with the taking of depositions relating to the records in question as well as their identification, production and admission into evidence upon the trial of the case, and may properly exercise it in order to protect the deponents and parties and to prevent oppression, harrassment, undue disclosure and expense.

The tremendous burden placed upon a taxpayer in a suit such as this would not be met by simply showing that certain amounts were on deposit in banks or savings and loan associations, but, in addition, the residence of the owner and the consequent situs for taxation must be proved in order to determine whether a particular taxing agency may lawfully assess and collect taxes on the same. City of Orange v. Levingston Shipbuilding Co., supra. Although appellants did not sufficiently develop their case to demonstrate reversible error, I cannot agree that the records of financial institutions such as those involved here would not be subject to judicial disclosure under appropriate safeguards in a proper case.

I am also unwilling to hold that appellants have waived their entire cause of action asserted in this case simply because they paid taxes to the City on a few parcels of real estate owned by them for the tax years in question. They may have justifiably concluded that they could not carry the onerous burden of proof to show substantial injury or excessiveness as to such tracts. Appellants should not be required to incur penalties and interest upon taxes they are willing to pay on some tracts in order to complain concerning other tracts upon which they might be able to secure relief.

For the reasons stated, I concur in affirming the judgment of the lower court.