**SKINNER CORPORATION et al.,**
**Appellants,**

v.

**CALALLEN INDEPENDENT SCHOOL DIS-**
**TRICT et al., Appellees.**

No. 283.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1966.

Rehearing Denied Dec. 29, 1966.

Sorrell, Anderson & Porter, Charles R. Porter, Jr., Corpus Christi, for appellants.

Fischer, Wood, Burney & Nesbitt, Frank W. Nesbitt, Paul D. Little, Corpus Christi, for appellees.

OPINION

GREEN, Chief Justice.

This appeal is from an order denying a temporary injunction in a suit brought by taxpayers to enjoin appellee school district and its officials from putting into effect an allegedly illegal, discriminatory and arbitrary tax program, and from taking steps to collect taxes from plaintiffs based on such program.

The Calallen Independent School District assesses and collects its own taxes. In the Fall of 1964, school district by written contract employed M. A. Cage to list, appraise and make an annual survey for the tax years 1965 and 1966 of all taxable properties within the district except oil, gas, utilities and industrial properties. The latter type were to be listed and appraised by Thos. Y. Pickett & Company, Inc. under the terms of a separate contract between such company and the school district. Appellants' properties are of the type which were listed and appraised by Pickett.

In March, 1966, appellants, through their tax agents Ed Slavik and Carlton Meredith, submitted to the proper representatives of the district their sworn renditions of their properties within the district, containing valuations admittedly low so, as testified to by said agents, that they would be sure to receive notice to appear before the Equalization Board. At the May 16 meeting of said Board, Slavik and Meredith attended, and were able to reach an agreement with Pickett and the Board on the valuation of their taxable properties. However, they did not agree to the increase of the ratio of assessment from 60% to 70% that the school district had decided upon, and took exception to what they considered to be the omission from the assessment rolls of much personal property of the type which was to be listed and appraised by Cage. This latter type shall be referred to as "local personal properties", the designation given it in the pleadings and evidence in the trial court.

Appellants filed this class action in the district court for themselves and all others similarly situated before appellee school district's Board of Equalization had adjourned and its tax program placed into effect. Their request for relief by way of injunction and mandamus was based on allegations of an illegal, arbitrary and discriminatory scheme of taxation whereby certain categories of the local personal properties were intentionally omitted from the assessment rolls. They stated that such omissions caused appellants and others in their situation, i. e., whose taxable properties came within the classification of oil, gas, utilities or industrial properties listed and appraised for taxation by Pickett, to pay more than their just share of taxes. Pending final judgment on their request for permanent injunction and mandamus, they prayed (1) for a restraining order, and (2) for a temporary injunction restraining and enjoining appellees from performing various functions prerequisite to the assessment and collection of taxes, and to prevent appellees from implementing the procedure for the collection of taxes from plaintiffs under the allegedly arbitrary and discriminatory tax scheme. The restraining order was granted, but after a hearing before the court it was dissolved and the prayer for a temporary injunction was denied. This appeal followed such denial.

■ Appellees' motion to dismiss the appeal because their tax program was fully implemented and put into effect after the restraining order was dissolved by the trial court is overruled. Appellants' prayer for temporary relief which was denied by the court included the enjoining of appellees from attempting to collect from appellants taxes based on the alleged illegal and discriminatory scheme. There remain justiciable issues before this Court on the appeal.

Appellants' first two points of error are based on their contention that the school district adopted a fundamentally and constitutionally erroneous plan or scheme of taxation that potentially damaged appellants in that a dual standard of assessing was employed, and that appellees failed and refused to equally assess all categories of taxable property, causing potential damage to appellants. Their complaint under these points appears to be that although (1) the agents of Thos. Y. Pickett & Company, Inc. in listing and appraising plaintiffs' properties for taxation purposes made a complete and thorough personal inspection of their properties, not relying on rendition slips mailed to appellants for completion by them, thus assuring that all of appellants' properties were listed, appraised, and made subject to taxation,[1] (2) Cage, acting under his contract with school district, intentionally and with the knowledge and approval of the district adopted an illegal, arbitrary and discriminatory plan or scheme of listing and appraising the local personal property coming within his jurisdiction which permitted a large amount of such property, such as household furniture over the exemption value of $250.00, automobiles, boats and trailers, jewelry, cash and bank deposits, to be omitted from the assessment rolls, and thus to escape taxation; that as a result all categories of personal property were not assessed equally, causing discrimination against appellants; that if such omitted properties were properly assessed and taxed, it would not be necessary for district to increase the assessment rate from 60% to 70% of full value.

■ Appellants construe the testimony to establish as a matter of law the affirmative of both (1) and (2) above and contend that the trial court abused its discretion in denying the temporary injunction. As to (1), we agree that the evidence does not disclose any fault as to the methods used by

1. We do not wish to be understood as saying that plaintiff's complaint is directed to the listing or the valuation of their properties; their objections are to the allegedly discriminatory, arbitrary and illegal plan of listing and appraising adopted by Cage with the approval of the school district.

Pickett's agents, and all parties appear to be satisfied with his work. We shall therefore confine ourselves to a discussion of contention (2).

It is appellants' position that the evidence established as a matter of law that a large amount of local personal property of the type coming within Cage's contract was omitted from the tax assessment rolls as a result of the failure of Cage, acting as agent for the school district, to comply with the requirements as set forth in Title 122, Vernon's Ann.Tex.Civ.St., and particularly Arts. 7145, 7147, 7161, and 7189, and his failure to make diligent efforts to search out and locate all taxable local property, relying instead almost entirely on voluntary renditions made by taxpayers on the rendition slips mailed to them. They contend that, according to undisputed evidence, such failures were a part of an illegal plan or scheme intentionally to omit such property from the rolls and permit same to escape taxation; that as the result of the dual system of listing and appraising personal property as between the methods used by Pickett and those used by Cage, the school district's plan of taxation is not equal and uniform as required by Art. VIII, Sec. 1, Texas Constitution, Vernon's Ann.St., and that appellants are discriminated against and have to bear more of the tax burden than they should.

We do not agree with appellants that the evidence established as a matter of law that Cage as the school district's agent failed to make proper personal investigation and inquiry in locating and listing personal taxable property, or that there was any lack of due diligence on his part in listing and appraising property to be taxed, or that any taxable properties were omitted from the assessment rolls as the result of a preconceived arbitrary and discriminatory plan or scheme to omit certain types of taxable property from taxation. In addition to Cage, other witnesses including members of the Board of Trustees and of the Equalization Board testified that no property was deliberately left off the rolls, and that no one had ever suggested the omission of any property, and that there was no plan or scheme ever discussed to omit any class of personal property from being taxed. All of such witnesses testified that it was the plan of the district to tax all property within the district subject to taxation that could be located or discovered by the use of reasonable means and due diligence. There were no banks or savings companies in the district, and no evidence of any unassessed bank deposits. Cage testified at length as to the means and diligence used by him, in addition to the voluntary renditions made on the slips mailed to property owners, to prevent taxable property from being omitted from the rolls. Undoubtedly taxable personal property of which Cage and the other defendants had no knowledge escaped the assessment rolls, but it is well known that no tax system is perfect, and there was no evidence of any particular property which was not assessed.

■ The granting or refusing of a temporary injunction is a matter that rests within the sound discretion of the trial court, and unless it appears from the record that the court has abused that discretion, the action of the trial court will be upheld. Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 270, 109 A.L.R. 1235. In an appeal from an order either granting or refusing a temporary injunction, as in other types of appeals, the appellate court is required to view all evidence and legitimate presumptions in the light most favorable to the judgment of the trial court's exercise of discretion, and where the evidence is in conflict, an abuse of discretion on the part of the trial court is not shown. 31 Tex.Jur.2d 345, Injunctions § 224; same, p. 350, § 225; Armstrong v. Armstrong, Tex.Civ. App., 295 S.W.2d 542; Wilson v. Whitaker, Tex.Civ.App., 353 S.W.2d 945; City of Corpus Christi v. Gilley, Tex.Civ.App., 379 S.W.2d 84, writ ref. n. r. e.

■ In an attack upon a tax program because of the omission from the assessment

rolls of certain classes of taxable property, the taxpayer must prove not only that a certain category or type of property was omitted from the assessment rolls, but also that such omission was the result of a deliberate, arbitrary and fundamentally erroneous scheme to permit certain classes of property to escape their fair share of the tax burden. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; Kelly v. A. & M. Consolidated Independent School District, Tex.Civ.App., 398 S.W.2d 438, writ ref. n. r. e.; Wilson v. City of Port Lavaca, Texas, Tex.Civ.App., 407 S.W.2d 325.

As stated in Kelly v. A. & M. Consolidated School District, supra, a case with a very similar fact situation to the instant case:

> "In Whelan v. State, 155 Tex. 14, 22, 282 S.W.2d 378, 381, reversal resulted from exclusion of evidence that the omission 'was deliberate, arbitrary and systematic,' and the court emphasized that the taxpayer was entitled to relief where it was shown that there was a 'deliberate and arbitrary preconceived plan.' In City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, 416, the 'deliberate adoption of a plan for the omission from the tax rolls' was the criterion announced."

The provisions of the statutory articles contained in Title 122, V.A.T.S., which are relied upon by appellants to show illegality of Cage's method of listing and appraising properties, do not apply to independent school districts unless adopted by the district. Seguin Independent School District v. Blumberg, Tex.Civ.App., 402 S.W.2d 552, writ ref., n. r. e., and authorities there cited. In taxing matters, school districts are governed by the provisions of Title 28. But even if such statutes cited by appellants should apply, the trial court has impliedly found that appellees have substantially complied therewith.

The evidence supports the trial court's implied findings that no taxable property was omitted from the tax rolls of Calallen Independent School District as the result of any deliberate, arbitrary and discriminatory scheme to permit certain classes of property to escape taxation, and also its implied finding that no such illegal scheme in fact existed. Points 1 and 2 are overruled.

We have considered appellants' remaining points of error, and find no merit in them. They are overruled.

The trial court did not abuse its discretion in denying the temporary injunction prayed for.

Judgment affirmed.