TEXAS NATIONAL BANK OF VICTORIA, Relator,

v.

Honorable Marion M. LEWIS, District Judge, 24th Judicial District, Respondent,

No. 13–90–096–CV.

Court of Appeals of Texas, Corpus Christi.

June 29, 1990.

Glenn A. Ballard, Jr., Russell T. Abney, Buck, Rouner, Keenan & Ballard, Houston, for relator.

Robert P. Houston, Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for respondent.

Before W. NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

DORSEY, Justice.

In this original proceeding, Texas National Bank of Victoria seeks an order from this Court requiring the Honorable Marion Lewis to rescind an order, signed on October 5, 1989, denying the bank's motion for protection of customer bank records. We deny the writ.

In August 1988, the bank entered into an employment contract with Bobby Jacob, the real party in interest in this proceeding. In September 1988, the bank terminated its employment agreement with Jacob. The bank filed a declaratory judgment action against Jacob, seeking a declaration that Jacob was owed no money under the contract. There was a provision in the contract that Jacob would receive severance pay if it was determined that he was terminated without cause. Jacob filed a counterclaim, alleging various causes of action sounding in tort. During the course of discovery, Jacob requested the bank produce for his inspection all documents contained in any files for 224 of the bank's customers. The bank filed a motion for protection, stating, among other things, that Jacob had not met the prerequisites of Tex.Rev.Civ.Stat.Ann. art. 342–705 § 1 (Vernon 1990), which require that the bank not disclose information concerning borrower transactions without a court order and without written consent of the person to whom the record pertains. Jacob argued that the bank had named each of the requested files in support of its allegations against him.

The controversy concerns the interpretation of two sections of art. 342–705 of the

banking laws. The two sections at issue are set forth as follows:

Sec. 1. No financial institution shall be required to recognize the claim of any third party to any deposit, or withhold payment of any deposit to the depositor or to his order, unless and until the financial institution is served with citation or other appropriate process issuing out of a court of competent jurisdiction in connection with a suit instituted by such third party for the purpose of recovering or establishing an interest in such deposit; *neither shall any financial institution be required to disclose or produce to third parties, or permit third parties to examine the amounts deposited by any depositor or other records pertaining to the deposits, accounts, loans, or other transactions of a depositor, owner, borrower, or customer except* [i] where the depositor, owner, borrower or customer to whom the information is to be disclosed is a proper or necessary party to a proceeding in a court of competent jurisdiction in which event the records pertaining to the deposits, accounts, loans, or other financial institution of such depositor ... shall be subject to disclosure or [ii] *where the financial institution itself is a proper or necessary party to a proceeding in a court of competent jurisdiction, except that records pertaining to the deposits, accounts, loans, or other transactions of a depositor, owner, borrower, or customer may not be disclosed unless the court orders and the financial institution subsequently obtains the written consent of the depositor, owner, borrower, or customer to whom the records pertain, or....*

Section 5.[a] *[T]his article does not restrict or apply to the use or disclosure by a bank of information or records pertaining to deposits, accounts, or bank transactions if the use or disclosure is made in good faith in the usual course of the financial business of the bank, is made by the bank in the course of the litigation affecting its interests, or is made with express or implied consent of the depositor or customer.*

The bank argues that section 1 is clearly applicable to the situation at bar and the trial court erred in allowing the discovery of the customer files. Jacob argues that if he is required to follow section 1, then the statute is unconstitutional as a violation of due process and equal protection. He also argues that he was not required to follow section 1 because section 5[a] applies in this case.

The bank's theory is that section 5[a] is a narrow exception which is to be utilized in situations allowing the bank to disclose records of a depositor it has sued in order to substantiate its claims or to defend claims against it if it has been sued by the depositor. Jacob argues that section 5[a] applies in situations in which the real party in interest is the bank and the customer files are sought incidentally concerning a claim between the bank and the litigant. He reasons that section 1 applies in situations where the real target of discovery is the customer whose files are sought and in which the bank is brought in simply to get that customer's files. We find that a reconciliation of these sections is unnecessary to our disposition of this limited mandamus action.

Mandamus will lie to correct a clear abuse of discretion. *State v. Sewell*, 487 S.W.2d 716, 718 (Tex.1972). A trial court abuses its discretion when it reaches a decision that is so arbitrary or unreasonable to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The question is whether the trial court acted without reference to any guiding principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex. 1986). A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. *Johnson* at 917. A relator must establish that under the circumstances of the case, the facts and law of the case permit only one conclusion. A reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter. *Id.* at 918.

A mandamus is also proper to compel a trial judge to perform a clearly ministerial act. *Jessen Assocs., Inc. v. Bullock*, 531 S.W.2d 593, 602 (Tex.1975). An act is ministerial if the law provides the duty to be performed by the judge with such precision and certainty that nothing is left to the court's discretion. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 832 (Tex. 1980). An act is not deemed ministerial if it involves the exercise of discretion or judgment in determining if the duty exists. *Id.* at 832. The duty sought to be enforced must have already been imposed by a plain, unambiguous and positive statute and be imperatively required. *Erbs v. Bedard*, 760 S.W.2d 750, 755 (Tex.App.—Dallas 1988, orig. proceeding). Mandamus is an extraordinary remedy which should be used sparingly. A trial court's discretion should be given deference in matters of discovery when the law does not clearly compel the conclusion contrary to the one reached by the trial judge.

Here, we have a statute that is unclear. The bank was using the information Jacob sought to discover in its defense against Jacob's claim. At the time the trial court acted, there was no case law to guide the trial court in the manner in which he should interpret the statute. During the hearing, relator's attorney stated that they planned to refer to the files by number rather than by name, and thus maintain as much confidentiality as possible. The order allowing discovery required that the records be produced in accordance with a prior order which designated the documents confidential.

The trial court fashioned an order allowing the discovery but provided some protection of confidentiality for the bank's customers. This balancing of interests under an ambiguous statute to achieve the necessary discovery while protecting the privacy addressed by the statute is a proper exercise of the trial court's discretion. The statute is not so clear and unequivocal that it imposes an absolute duty on the trial court to compel protection.

Relator's petition for writ of mandamus is DENIED.

NYE, Chief Justice, dissenting.

I respectfully dissent. This is a case in which a statute allowing disclosure of amounts deposited in a financial institution which is involved in litigation is questioned. The majority would deny the petition for writ of mandamus, thus allowing the real party in interest to discover the contents of certain accounts in relator's bank. I would grant relator's petition for writ of mandamus because the financial institution does not have its depositor's permission to disclose the contents of their accounts.

The majority suggests that the trial court could utilize its discretion to interpret Article 342–705 and fashion a "compromise" order because there was no case law to further an understanding of the statute. However, the trial court failed to consider all of the requirements of the statute in light of the rules of statutory construction and the affidavit on file in this case from the General Counsel to the Texas Department of Banking.

Article 342–705 was amended in 1989 by the 71st Legislature of Texas. At that time, Section 1 was amended and Section 5 was added to form the present statute. *See* Texas Banking Code, ch. 1196, § 7, 1989 Tex.Gen.Laws 4885–886. The affidavit from Ann Graham, General Counsel of the Texas Department of Banking, stated that she had personal knowledge that the intended objective of the Finance Commission of Texas and, subsequently, the State Legislature was to amend the statute to protect financial institutions from abusive discovery requests in lender liability litigation. Specifically, Section 1 was amended to prohibit a financial institution's disclosure of the records of a depositor, owner, borrower, or customer of the financial institution who is not a party to a proceeding unless the court orders disclosure and the depositor, owner, borrower or customer consents in writing to such a disclosure. By the addition of Section 5(a), the Legislature intended to provide a narrow exception to the general rules of nondisclosure contained in Section 1. Basically, these exceptions allowed a financial institution to dis-

close the records of a depositor, owner, borrower or customer when that financial institution brought a claim against that person or, conversely, when a depositor, owner, borrower or customer sued a financial institution, the institution could disclose the records of that adverse party in order to defend itself against that party's claims.

The General Counsel underscored the importance that neither the Finance Commission, in drafting and proposing these amendments to the Legislature, nor the Legislature, by adopting and enacting them, intended that Section 5(a) provide that any time a financial institution was a party to a lawsuit the non-disclosure rules stated in Section 1 were rendered inapplicable. The affidavit concluded that the general nondisclosure rule of Section 1 applies in all cases where a third party, including but not limited to the financial institution's depositor, owner, borrower, or customer, seeks the disclosure by a financial institution of the records or identity of a depositor, owner, borrower, or customer of that financial institution who is not a party to the proceeding.

Section 311.023 of the Code Construction Act states in pertinent part:

> In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:
>
> (1) object sought to be attained;
>
> (2) circumstances under which the statute was enacted;
>
> (3) legislative history; ....
>
> (5) consequences of a particular construction;
>
> (6) administrative construction of the statute; ....

Tex.Gov't Code Ann. § 311.023 (Vernon 1988). Furthermore, Tex.Gov't Code Ann. § 311.025(b) (Vernon 1988), states:

> [I]f amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to the other, **the amendments shall be harmonized,** if possible so that effect may be given to each. (emphasis added)

In the instant case the trial court should have utilized the information contained in the above-mentioned affidavit to construe the application of Sections 1 and 5(a) so that their provisions would be in harmony with each other. By doing so, the trial court could not have ordered relator to disclose the contents of any of the records at issue which belonged to its depositors, owners, borrowers or customers to a third party asserting a claim against relator without also having obtained written permission from the owner of a record in issue allowing such disclosure.

The trial court's order violates the provisions of Article 342–705 by its failure to properly utilize and apply the provisions of the Code Construction Act. By allowing discovery of a nonparty's bank records under situations of this type, the majority opens the door for discovery abuse in similar lawsuits, even though some of those discovery requests were meritorious. For example, a disgruntled taxpayer could discover any person's bank holdings and deposits in a suit to urge a taxing entity to require the rendition of personal property for taxation. *See Wilson v. City of Port Lavaca,* 407 S.W.2d 325 (Tex.Civ.App.— Corpus Christi 1966, writ ref'd n.r.e.).

The Texas Constitution guarantees that all persons subject to its jurisdiction "shall be secure in their person, houses, papers, and possessions." Tex. Const. art. 1, § 9. By analogy, common sense dictates that the underlying purpose of Article 342–705 is to assure privacy and to preserve the confidentiality of a nonparty's financial transactions with its financial institution by protecting his bank records from a third-party's unwarranted and unprivileged scrutiny.

I believe that the proper statutory construction of Article 342–705 guards against intrusions of such privacy. Thus, the trial court's action was not guided by reference to any guiding principles of law and constituted an abuse of discretion. I would grant relator's writ of mandamus and not allow the disclosure of the records at issue until the owners of those records give rela-

**88**

tor written permission to disclose those records pursuant to a court order.