SWAMP IRISH, INC., Appellant,

v.

Johney SNOW et al., Appellees.

No. 802.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 15, 1973.

Rehearing Denied Dec. 6, 1973.

Jack D. Sanchez, Clendenin O'Leary, Fleming & Sanchez, Brownsville, Joseph J. Lyman, Washington D. C., for appellant.

Carter & Ellis, S. N. Snedeker, Harlingen, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from a summary judgment in favor of defendants. Swamp Irish, Inc., plaintiff-appellant, brought suit for a writ of mandamus and mandatory injunction to compel Johney Snow, the Tax Assessor and Collector of Cameron Coun-

ty, and the members of the Commissioners' Court of Cameron County, defendants-appellees, to assess and collect personal property taxes for the year 1970 on certain classes of taxable personal property, which were allegedly omitted from the tax roll for that year, and to correct the tax bill sent to plaintiff. The trial court granted defendants' motion for summary judgment, and rendered judgment for defendants on February 20, 1973. Plaintiff has appealed. We affirm.

Plaintiff alleged that it was the owner of the shrimp trawler "Candy Mann", which is subject to taxation in Cameron County, Texas, and that the County Tax Collector had submitted to it a personal property tax bill in the sum of $131.48 for the year 1970, based on an assessed valuation of $8,650 for the trawler. It also alleged that certain classes of personal property, having a market value of $488,053,386.25 and an assessed value of $170,818,685.00, had not been assessed in 1970 for taxation, nor had a tax been imposed on such property, as required by law. The unassessed and untaxed personal properties, allegedly omitted from the tax roll for the year in question, were described in paragraph 6 of plaintiff's second amended petition, its trial pleadings, as follows:

"(a) amount of money of banks (cash on hand and due from banks)

(b) amount of credits of banks (outstanding loans)

(c) money on hand or on deposit (deposits in said banks)

(d) amount of credits, other than banks (liabilities of said banks, etc.)

(e) amount of value of stocks and bonds (securities held by said banks)

(f) amount and value of stocks and bonds (book value of stockholders' equity in the said banks)

(g) value of all property of companies and corporations (deferred and prepaid items and 'other assets' of said banks)."

Plaintiff further alleged that had defendants assessed taxes on such omitted properties, the tax base for personal property upon which the tax rate was fixed would have been much larger ($367,814,295 as compared to $196,995,610), and the rate of tax necessary to raise the required amount of money ($2,994,333) from personal property taxation would have been less than the rate actually imposed ($0.8141 per $100 valuation as opposed to $1.52 per $100 valuation); that as a consequence of defendants' failure to include such omitted properties on the tax roll, plaintiff was required to pay $61.06 more taxes than were legally due, which caused substantial injury to it.

■ By filing the motion for summary judgment in this case, defendants were charged with showing as a matter of law that plaintiff did not have a cause of action against them. Gaddis v. Smith, 417 S.W.2d 577, 582 (Tex.Sup.1967). Summary judgment should be granted, and if granted should be affirmed, only if the summary judgment record establishes a right thereto as a matter of law. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). A summary judgment in favor of defendant is authorized on the pleadings alone when the plaintiff's petition fails to state a cause of action. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971); Voigt v. City of Corpus Christi, 419 S.W.2d 445 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.). In the matter of rendering or affirming a summary judgment in favor of a defendant, the question to be decided is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. Farley v. Prudential Ins. Co., 480 S.W.2d 176 (Tex.Sup.1972). The burden of proof is on the movant for summary judgment, and all doubts as to the existence of a genuine issue of a material fact are resolved against him. Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup.1969).

■ A taxpayer is entitled to relief from a fundamentally erroneous plan of taxation. Article VIII, Section 1, Texas Constitution, Vernon's Ann.St. Article 7145, Vernon's Ann.Civ.St., provides for the taxation of all property. Article 7147, V.A.C.S., states that "all moneys" are included in the term "personal property" for the purpose of taxation. The failure of the tax officials of a taxing agency to include all classes of property in the tax assessment rolls renders the tax plan fundamentally erroneous. Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955); Milligan v. Corsicana Independent School District, 381 S.W.2d 97 (Tex.Civ.App.—Waco 1964, writ ref'd n. r. e.).

■ In an attack upon a tax plan because of the omission from the tax assessment rolls of certain classes of property (such as those described in paragraph 6 of plaintiff's petition), it is not sufficient for plaintiff to merely allege and prove an absence from the rolls of certain taxable property. State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847 (1959); Carroll v. Lee, 451 S.W.2d 766 (Tex.Civ.App.—Texarkana 1970, writ ref'd n. r. e.); Skinner Corporation v. Calallen Independent School District, 409 S.W.2d 929 (Tex.Civ.App.—Corpus Christi 1966, n. w. h.). He must go further. He must not only allege and prove that certain classes of personal property were omitted from the tax rolls and that such omission resulted in substantial injury to him in dollars, but he must also allege and prove that such omission was the result of a deliberate, arbitrary and fundamentally erroneous scheme adopted and imposed by the tax officials of the taxing agency to permit the excluded classes of property to escape their fair share of the tax burden. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954); City of Corpus Christi v. Arnold, 424 S.W.2d 492, 498 (Tex.Civ.App.—Cor-

pus Christi 1968, writ ref'd n. r. e.); Wilson v. City of Port Lavaca, 407 S.W.2d 325, 330 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); Kelly v. A. & M. Consolidated Independent School District, 398 S.W.2d 438 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.); Tatton v. Aransas County, 359 S.W.2d 200 (Tex.Civ.App. —San Antonio 1962, n. w. h.).

The remedies available to an aggrieved taxpayer who waits until the tax plan of a taxing agency is put into effect before challenging the same are limited. Bass v. Aransas County Independent School District, 389 S.W.2d 165 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). The rights of a taxpayer who complains of an arbitrary and invalid tax plan are markedly different where the taxpayer seeks affirmative relief by way of mandamus and mandatory injunction to prevent a taxing agency from putting such a plan into operation, and where he defends against an assessment after levy in accordance with such plan. City of Orange, Texas v. Levingston Shipbuilding Co., 5th Cir. (1958), 258 F.2d 240. Furthermore, a right may be enforceable as a defense, though the remedy for its enforcement may not be asserted affirmatively. Shaw v. First State Bank, 13 S.W.2d 133 (Tex.Civ.App.—Fort Worth 1928, n. w. h.).

In order for a taxpayer to avail himself of the remedies of mandamus and injunction to compel the inclusion of omitted properties on the tax assessment rolls for a given year, it is necessary that he file suit for such relief before the tax plan is put into effect. City of Houston v. Baker, 178 S.W. 820 (Tex.Civ.App.—Galveston 1915, writ ref'd). See also McPhaul v. City of Lubbock, 401 S.W.2d 705 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.); Blaha v. McHenry, 468 S.W.2d 186 (Tex.Civ.App.—Houston 14th Dist. 1971, n. w. h.). Here, plaintiff did not file suit until after the tax plan had been put into operation.

The tax plan for the year in question required an assessment of personal property at 35% of its market value. Plaintiff filed suit on December 4, 1970. Its live pleading, second amended petition, was filed on June 3, 1971. The tax assessment rolls were completed by the Tax Assessor on October 22, 1970, and were approved by the Commissioners' Court on October 26, 1970. Therefore, every function of the tax program for the year 1970 which related to the assessment of taxes for that year was completed prior to the date that plaintiff filed suit. In effect, plaintiff sat by and allowed the tax plan for the year involved to become fully operational without even a suggestion of protest or objection. Plaintiff's requested relief would entail the re-compiling of the 1970 tax assessment rolls and the re-computation of taxes due for that year. A new Board of Equalization would have to be convened and new corrective tax statements would have to be prepared and sent to the taxpayers. Tax refunds would necessarily follow. All of this would be required at a time when the tax program for 1970 had been virtually completed and after most of the taxes that were levied and assessed had been paid.

The deposition and affidavit of Johney Snow, the Cameron County Tax Assessor and Collector, clearly demonstrate that he was not a party to any deliberate plan or scheme to omit any property from the tax assessment rolls for any year since he first took office on January 1, 1969. To his knowledge, no such plan or scheme to omit any class of property from the rolls had ever existed. He operated his office with 43 or 45 employees, and in accordance with directions contained in the manual issued by the State Comptroller of Public Accounts for the assistance of tax assessors and collectors. He compiled the 1970 tax rolls on the basis of all information that was available to him. He assumed that all persons who rendered personal property included in their rendition the value of stocks, bonds, and money on hand or in

bank deposits. When he discovered any property that was not rendered, he picked up that property on the unrendered tax rolls, and assessed such property the same as other properties. Plaintiff did not render "Candy Mann" for taxation, but the same was placed on the unrendered roll by the Tax Assessor.

The tax assessment rolls for the year 1970 showed that no taxes were assessed or levied against the classes of property described in paragraph 6 of plaintiff's petition. However, it was shown by affidavit that all assets of each bank in Cameron County were taxed. The County Tax Assessor and Collector was unable to obtain any information relating to the names of depositors and their balances in their accounts from any of the banks in Cameron County, and he had no way of knowing whether (during 1970) there were any properties in the form of deposits in any such banks which were not exempt from taxation, and which were not included on the tax rolls. Letters from eight banks in Cameron County are attached to Mr. Snow's affidavit as exhibits, whereby it appears that each bank refused to give out any information concerning their depositors' accounts.

In essence, the summary judgment evidence shows that for the year 1970 the tax assessment rolls were compiled on the basis of renditions made by the taxpayers and of investigations and personal contacts made by the Tax Assessor and members of his staff. It is clear that the taxing officials of Cameron County, in preparing, certifying and approving the tax assessment rolls, took advantage of all information and avenues of information available to them, and that such rolls included all classes of property known to them. Diligence on the part of the Tax Assessor is shown. Mr. Snow stated categorically that he had, to the best of his ability, placed all properties known to him on the unrendered rolls where the same did not appear on the rendition, and that he had every reason to believe that the 1970 tax rolls are correct and complete,

and that they were prepared in the manner required by law.

Plaintiff did not contend that its shrimp trawler's assessed valuation was excessive, nor did it assert that valuation of property is an issue in this case. No claim was made that there was any discrimination against plaintiff's property, or that the assessment against its property was unequal or grossly excessive in comparison with assessments of other property. Once a tax plan is put into effect the taxpayer may defeat recovery under that plan only to the extent that the taxes levied thereunder are excessive, and then only to the extent of the excess. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414 (1954); Wilson v. City of Port Lavaca, supra.

While cash, stocks, bonds and moneys in banks and other financial institutions are taxable and should be placed on the tax assessment rolls, the burden resting upon tax officials to properly and correctly assess such properties is almost impossible from a practical standpoint. Art. 342–705, V.A.C.S. Some practical considerations must be given to such a problem, though an attempt must be made to include such classes of property in the tax program. See Blaha v. McHenry, supra. In the case at bar, such an attempt was made. The summary judgment proof reveals that a bona fide effort was made to include all classes of taxable property on the county tax rolls for the year 1970.

The record discloses a case for summary judgment. Plaintiff did not allege that the omission of the properties described in its trial petition was the result of a deliberate and arbitrary plan or scheme to permit certain classes of property to escape their fair share of the tax burden imposed upon the taxpayers of Cameron County, which was an essential element of its cause of action. From a review of the summary judgment proof, defendants, the moving parties for summary judgment, have conclusively negated the existence of a delib-

erate and arbitrary plan or scheme to permit the classes of personal property described in paragraph 6 of plaintiff's second amended petition to escape taxation for the year 1970. Plaintiff has not made out a case for relief by mandamus or mandatory injunction. The trial court did not abuse its discretion in refusing to issue either a writ of mandamus or of injunction. Plaintiff's point of error is overruled, and the judgment of the trial court is affirmed.