Charles Kenneth CAMPBELL, Appellant,

v.

County of BEXAR et al., Appellees.

No. 16003.

Court of Civil Appeals of Texas, San Antonio.

May 24, 1978.

Rehearing Denied July 12, 1978.

Earle Cobb, Jr., Cobb, Thurmond, Bain & Clark, San Antonio, for appellant.

Bill M. White, Criminal Dist. Atty., Norris W. Yates, Asst. Criminal Dist. Atty., San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Charles Kenneth Campbell, appellant, against the County of Bexar, the County Judge, the County Commissioners, and the County Tax Assessor and Collector to enjoin appellees from making any attempt to collect personal property taxes from appellant for the year 1976. Plaintiff alleges that Bexar County makes an attempt to place all income producing personal property on the tax rolls and the failure of Bexar County to assess household furnishings and appliances and individually owned automobiles and vehicles was the result of a plan, scheme or design by Bexar County, to omit such non-income producing property from taxation, and that this plan, scheme or design has caused plaintiff to sustain substantial injury.

On the trial of the case on the merits, the jury found favorably for plaintiff by answering the following questions affirmatively:

QUESTION NO. 1: Do you find from a preponderance of the evidence that the failure of Bexar County to assess certain personal property, to-wit: household furnishings and appliances and individually owned automobiles and vehicles, for taxes for the year 1976 was the result of a plan,

scheme or design by the taxing authorities to omit such property from taxation? QUESTION NO. 2: Do you find from a preponderance of the evidence that the failure of Bexar County to assess certain personal property, to-wit: household furnishings and appliances and individually owned automobiles and vehicles, for the year 1976 has caused the plaintiff, Mr. Campbell, to sustain substantial injury?

The trial court overruled plaintiff's motion for judgment, and entered judgment non obstante veredicto in favor of Bexar County on the basis that there was no evidence to support the findings of the jury.

Tex.Const. art. VIII § 1 declares that, "Taxation shall be equal and uniform. All property . . . shall be taxed in proportion to its value . . . ." Tex.Rev. Civ.Stat.Ann., art. 7152 (1960)[1] directs that every person shall list his property both real and personal for taxes. Among the 43 specific items of property the taxpayer is required by art. 7162 to list in rendering his property for taxation is Item No. 23, which reads as follows: "The value of household and kitchen furniture over and above the amount of two hundred and fifty dollars." When the taxpayer, for any cause, fails to furnish the statement of property required of him by the foregoing statutes, arts. 7193 and 7204 make it the duty of the assessor of taxes to ascertain the amount and value thereof and to assess the same for taxes. Art. 7206 requires the Commissioners Court sitting as a Board of Equalization to inspect the tax roll prepared by the assessor and determine that all property thereon is rendered at a fair market value.

■ We must view the evidence in the most favorable light in support of the findings of the jury. The rules concerning the burden of the taxpayer in this type of suit have been set forth by the Supreme Court. The taxpayer must not only allege and prove that certain classes of personal property were omitted from the tax rolls and that such omission resulted in substantial injury to him in dollars, but he must also allege and prove that such omission was the result of a deliberate, arbitrary and fundamental erroneous scheme adopted and imposed by the tax officials of the taxing agency to permit the excluded classes of property to escape their fair share of the tax burden. *State v. Whittenburg,* 153 Tex. 205, 265 S.W.2d 569 (1954); *Swamp Irish, Inc. v. Snow,* 501 S.W.2d 690 (Tex.Civ. App.—Corpus Christi 1973, no writ); *City of Corpus Christi v. Arnold,* 424 S.W.2d 492 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.); *Tatton v. Aransas County,* 359 S.W.2d 200 (Tex.Civ.App.—San Antonio 1962, no writ).

Mr. Ben Shaw, the present County Tax Assessor-Collector of Bexar County, took office on January 1, 1977. He testified that he was unaware of any plan or scheme to omit any personal property from the tax rolls since he took office, and anyone wishing to assess their personal property could do so. He operates his office with approximately 180 employees, and in accordance with the directions contained in the manual issued by the State Comptroller of Public Accounts for the assistance of tax assessors-collectors. Other employees of the tax assessor's office testified that they knew of no such plan or scheme and were never told not to assess non-income producing personal property. The tax assessment rolls show that no taxes were assessed or levied against privately owned automobiles and household furniture and fixtures. The burden resting upon tax officials to properly and correctly assess such properties is almost impossible from a practical standpoint. The net results are doubtful. Some practical consideration must be given to such a problem, though an attempt must be made to include such classes of property in the tax program. It has been held that exact uniformity and equality of taxation is an unobtainable ideal. *Briscoe Ranches, Inc. v. Eagle Pass Independent School District,* 439 S.W.2d 118 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). All members of the Commissioners Court and Mr. Charles B. Davis, Tax Assessor-Collector in 1976, each testified that there was never any discussion to not tax personal automobiles and household furniture and fixtures.

1. Statutory references herein are to Vernon's Texas Civil Statutes unless otherwise indicated.

Bexar County's failure to tax privately owned automobiles and household furniture and fixtures can only be attributed to "nonfeasance" instead of "misfeasance" on the part of the tax assessor. Assuming, without deciding that there is some evidence to support Issue No. 1, we hold that there is no evidence to support Issue No. 2 and affirm the trial court.

 When a taxpayer attacks the assessment of taxes against him on the grounds that the plan or system used by the taxing authority was arbitrary or illegal, he must sustain the burden of proof, not only that the plan was arbitrary and illegal, but also that the use of the plan operated to his substantial injury. *State v. Federal Land Bank of Houston*, 160 Tex. 282, 329 S.W.2d 847 (1959); *Whelan v. State*, 155 Tex. 14, 282 S.W.2d 378 (1955); *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414 (1954); *State v. Whittenburg, supra*. In *State v. Federal Land Bank of Houston, supra*, it was held that substantial injury means that the taxpayer must prove that his taxes are excessive or substantially higher because of the omission of taxable property. The record in this case fails to show the total assessed valuation of property on the tax rolls for the year 1976, and we must assume that the budgetary needs of the county were met by the tax rate adopted and levied on the assessed valuation. It was stipulated during the trial that for the year 1976 the revenue received from personal property taxes was 10 per cent of the total and the revenues from real property taxes was 90 per cent of the total. Plaintiff's ad valorem tax on his personal property was $1,148.70 for the year 1976. The addition of household furnishings and appliances and individually owned automobiles and vehicles would increase the assessed valuation of taxable property and would result in the reduction of plaintiff's taxes. There is no evidence to show that the failure to tax such property resulted in a substantial injury to plaintiff. "Substantial" is defined in Webster's New International Dictionary, 2nd Edition, Unabridged, as "considerable in amount, value, or the like." We believe the insubstantial nature of the injury to plaintiff is evidenced by his own testimony during the trial wherein he stated "What I want is uniformity. What I want is fairness. I don't care about the thousand dollars or so right here. It's a drop in the bucket compared to what I want to pay. I want uniformity throughout this county." See *Whelan v. State, supra*.

We have considered all of plaintiff's points of error and overrule all of them as without merit. The judgment of the trial court is affirmed.