Troy W. LANE, II, Appellant,

v.

DICKINSON STATE BANK et al., Appellee.

No. 17708.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 17, 1980.

Anthony P. Griffin, Galveston, for appellant.

Barker, Lain, Schwab, Tulloch & Allen, Gary E. Tulloch, Stephen W. Baker, Galveston, for appellees.

Before PEDEN, EVANS and WALLACE, JJ.

PEDEN, Justice.

Troy W. Lane, II, appeals from the granting of a motion for summary judgment which alleged that Lane's petition failed to state a cause of action against the appellees, Dickinson State Bank and its president, John F. Austin. Lane complains only that the trial court erred in granting the appellees' motion for summary judgment because his pleadings did state a legal cause of action. The unsworn petition of the plaintiff, general denials, and the motion for summary judgment filed by the defendants were the only instruments before the trial court.

Lane sued the appellees and Maritime Group Companies, Inc. for damages for wrongful breach of his employment contract with Maritime. In his original petition he alleged that he had signed a five–year employment contract with Maritime but that his employment had been wrongfully terminated (contrary to his employment contract) after only eighteen months because of the financial condition of the company. He further alleged that about three years before he was employed by Maritime the bank loaned that company $60,000 for its initial capitalization, falsely stating that the loan would not become due for five to seven years, when in reality it fell due after only one year and was renegotiated in a series of ninety–day notes.

Lane alleged that during the next several years "the Bank's involvement through the actions of Mr. John F. Austin became dominant." He alleged that Austin put his personal accountant into the company and that he insisted that the accountant's signature be required on the company checks; that Austin and the bank used sums from Maritime's account, without its consent, to apply against the principal of the ninety–day notes; that Austin arranged additional financing for Maritime through a loan com-

pany which he controlled; and that Austin insisted on an "illegal stock explosion."

In closing, Lane further alleged:

The Defendants, John F. Austin and Dickinson State Bank, through their actions, dealt with the Corporation as if it were their own, thus creating fraud upon the Corporation in question; and through such fraud brought about the manipulation and destruction of the Corporation's very structure. The wrongful actions of the Defendants herein created the liability of the Corporation for damages prayed for by the Plaintiff.

The aforementioned Defendants are jointly and severally liable for the wrongful discharge of Plaintiff and damages accruing therefrom.

The bank and Austin filed general denials, and they excepted to the petition on four counts: 1) that it failed to state a cause of action against them, 2) that the allegations concerning the financial dealings between Maritime and the appellees were irrelevant and immaterial, 3) that the petition was so obscure and ambiguous that they were unable to determine the theory under which Lane sought recovery against them, and 4) that the petition did not recite fully the contents of the employment contract and thus failed to give them fair notice of the claim involved.

The day before the hearing on the special exceptions, Lane filed his first amended petition, adding the following paragraph:

The Defendant, Maritime Group Companies, Inc., is and should be considered the alter ego of John F. Austin and Dickinson State Bank as an entity. The corporate form has been used to perpetuate fraud and as a tool or conduit to benefit the aforesaid Defendants. The very nature of control, bank transactions, and ability to direct the operations of a public corporation to the detriment of those whom do business with said corporation created both the existence of liability and the viewing of the Defendants as one.

The trial court sustained the appellees' special exceptions on counts 1, 3, and 4 as stated above. Lane then filed a second amended petition, attaching a copy of the employment contract and adding the following sentence: "Standing of the Plaintiff to complain herein lies but/for the Defendants' invoking the Corporate fiction to protect crime or to justify wrong." In support of this proposition, Lane cited *Tigrett v. Pointer*, 580 S.W.2d 375 (Tex.Civ.App.1978, writ ref. n.r.e.), and *Roylex, Inc. v. Langson Brothers Construction Co., Inc.*, 585 S.W.2d 768 (Tex.Civ.App.1979, writ ref. n.r.e.).

The appellees moved to dismiss the cause of action or, in the alternative, for summary judgment on the grounds that the petition failed to state a cause of action against them. They argued that Lane's only allegations against them were that they had committed fraud on Maritime and that even if this were true there was no allegation that Lane was a party to any of the alleged fraudulent acts. They contended that there was no genuine issue of fact as to any material matter and that as a matter of law Lane was not entitled to any recovery against them. The trial court granted the motion, denying Lane's claim against the appellees.

Lane subsequently obtained a default judgment against Maritime, after which the summary judgment became final and appealable. Maritime has not appealed from the default judgment.

■ Lane seeks to hold the appellees liable under the theory of corporate alter ego for the harm he suffered as a result of his wrongful discharge by Maritime. He alleges that the appellees so controlled and dominated the corporation that they and the corporation should be considered one and the same and they should be held liable for its wrongdoing. He urges that the corporate fiction should be disregarded because it was used as a sham to perpetrate a fraud and as a business conduit of the appellees.

The doctrine of alter ego has long been recognized as a means of denying insulation from liability to individuals who have used the corporate entity to shield their own wrongdoing. See *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340 (1955);

*First National Bank in Canyon v. Gamble*, 134 Tex. 112, 132 S.W.2d 100 (1939); *Roylex, Inc. v. Langson Brothers Construction Co., Inc.*, supra; *Tigrett v. Pointer*, supra. However, we have found no authority for applying the alter ego doctrine to a situation such as this one, where the individuals are not alleged to be shareholders, incorporators, directors, or officers of the target corporation. See *George v. Houston Boxing Club, Inc.*, 423 S.W.2d 128, 132 (Tex.Civ. App.1967, writ ref.n.r.e.). We conclude that the doctrine of alter ego is inapplicable in this case to hold the appellees responsible for Maritime's conduct.

■  This does not mean that an individual is left without a remedy against unrelated third parties who improperly influence a corporation and cause it to harm him. However, Lane has not alleged that the appellees committed any fraudulent act against him, that they caused the company to discharge him, or that their allegedly fraudulent activity caused the financial condition of Maritime to deteriorate to the point that his discharge became necessary.[1] On the contrary, it appears from Lane's petition that Maritime was able to function as long as it did at least in part because the appellees were willing to continue to provide financing.

■  With respect to the alleged fraud committed by the appellees against Maritime, it is clear that Lane has no standing to sue on behalf of that corporation. See Texas Bus.Corp.Act, art. 5.14. He admits that his relationship to Maritime has never been anything but that of an employee.

We find no cause of action against the appellees alleged in Lane's petition.

■  Rule 166–A, Tex.R.Civ.Proc., provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file . . . show that . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Although summary judgment on pleadings alone is rarely appropriate, it is nevertheless authorized when the plaintiff's petition fails to state a legal cause of action. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 543, n.1. (Tex.1971); *Swamp Irish, Inc. v. Snow*, 501 S.W.2d 690 (Tex.Civ. App.1973, no writ); *Gonzales v. Lubbock State School*, 487 S.W.2d 815 (Tex.Civ.App. 1972, no writ). See also *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

In our case, Lane was given an opportunity to amend after special exceptions were sustained, but his second amended petition still failed to state a cause of action against the appellees. We need not decide whether dismissal would have been a more appropriate remedy. Lane did not file a written answer or other response to the appellees' motion for summary judgment. Paragraph (c) of Rule 166–A, as amended effective January 1, 1978, provides: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Grounds not raised in the trial court in opposition to a summary judgment motion are precluded from consideration on appeal. *City of Houston v. Clear Creek Basin Authority*, supra.

Affirmed.

---

1.  He alleges that the fraud "brought about the manipulation and destruction of the Corporation's very structure," not that it caused financial ruin.