**Evans Y. WYATT and Mary F. Wyatt, Appellants,**

v.

**Daniel N. MEALY, Dorothy B. Mealy, and Leo Markel, Appellees.**

No. 13–84–407–CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1985.

John A. Rank, III, Baker & Baker, Corpus Christi, for appellants.

Jack E.A. White, North & White, Corpus Christi, for appellees.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a summary judgment. Appellants sued to enforce an oral lease and an oral option to purchase real estate. The oral lease and option were

purportedly granted in conjunction with appellants' purchase of the adjoining real estate. Appellants also plead fraud in the inducement to execute the contract for the sale of the real estate purchased.

Appellees' Motion for Summary Judgment alleged that the causes of action on the oral lease and oral option were barred by the statute of frauds and, therefore, no valid legal cause of action was plead. The motion failed to address the allegations of fraud or dispute the existence of a fact issue as to fraud. A movant must establish as a matter of law that he is entitled to a summary judgment by conclusively proving that no genuine issue of material fact exists as to each cause of action plead by the plaintiff. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970); *Marshall v. Garcia*, 514 S.W.2d 513 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). If affidavits or other summary judgment evidence raise a fact issue as to fraud, it is not proper to grant a summary judgment. *Susanoil, Inc. v. Continental Oil Company*, 519 S.W.2d 230 (Tex.Civ. App.—San Antonio 1975, writ ref'd n.r.e.).

 Additionally, a motion for summary judgment must be supported by summary judgment evidence. Pleadings alone do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Miller v. Soliz*, 648 S.W.2d 734 (Tex.App.— Corpus Christi 1983, no writ). The Motion for Summary Judgment states that it was submitted on the pleadings and on Evans Wyatt's deposition and answers to interrogatories. However, the deposition and the answers to interrogatories have not been made a part of the record on appeal. The judgment says that the Court "considered the pleadings and argument of counsel." In the absence of summary judgment evidence, the granting of a summary judgment is improper unless the plaintiff has failed to state a cause of action. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex. 1971); *Lane v. Dickinson State Bank*, 605

S.W.2d 650 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). By alleging fraud in the inducement to execute a real estate contract which is actionable under the common law and under § 27.01 of the Business and Commerce Code (Vernon 1968 and Supp.1985), appellant has plead at least one legal cause of action. Therefore, the granting of the summary judgment was not proper in this case. The judgment of the trial court is REVERSED and the cause is REMANDED.

Opinion ordered published. TEX.R.CIV.P. 452.